# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Filed: _____

────────────────────────────── X

LIDDIE MAE MURPHY,

                Plaintiff,

-against-

ANDREW COLLEGE,

                Defendant.

────────────────────────────── X

Index No.
Plaintiff designates New York County as the place of trial.

The basis of the venue: place of occurrence is New York

**SUMMONS**

04110576

Plaintiff resides at:
45 West 84th Street
New York, NY 10024
County of NY

FILED
JUL 20 2004
NEW YORK
COUNTY CLERKS OFFICE

**TO THE ABOVE NAMED DEFENDANT:**

    *YOU ARE HEREBY SUMMONED* to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) CHARLES M. MIROTZNIK, within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you default for the relief demanded in the complaint.

DATED:    New York, New York
                July 1, 2004

Yours, etc.,

CHARLES M. MIROTZNIK, ESQ.
Attorney for Plaintiff
444 Madison Avenue, Suite 701
New York, NY 10022
(212) 826-2787

DEFENDANT'S ADDRESS:
ANDREW COLLEGE
413 College Street
Cuthbert, GA 39840
(229) 732-2171

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------X      Index No.:
LIDDIE MAE MURPHY,

                      Plaintiff,

    -against-           **VERIFIED COMPLAINT**

ANDREW COLLEGE,

                      Defendant.
----------------------------------------X

    Plaintiff, by her attorney, CHARLES M. MIROTZNIK, ESQ., complaining of the Defendant, sets forth and alleges as follows:

1.    That at all times hereinafter mentioned, Plaintiff was and still is a resident of the County of New York, State of New York.

2.    That at all times hereinafter mentioned, Plaintiff was and still is a resident, occupant and owner of residence located at 45 West 84th Street, New York, New York 10024.

3.    That Plaintiff is ninety (90) years old, having been born on June 2, 1914.

4.    That at all times hereinafter mentioned, Defendant ANDREW COLLEGE was and still is a not-for-profit corporation duly organized under the laws of the State of Georgia.

5.    That at all times hereinafter mentioned, Defendant ANDREW COLLEGE maintains its principal place of business in the State of Georgia, at 413 College Street, Cuthbert, Georgia 39840.

6.    That Plaintiff is an alumna of Defendant ANDREW COLLEGE.

## FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF LIDDIE MAE MURPHY

7.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs of this

1

complaint marked and numbered "1" through "6" with the same force and effect as if fully herein.

8. That on or about December 14, 1967, Plaintiff purchased her residence located at 45 West 84th Street, New York, NY 10024 (Borough Manhattan, Section 4, Block 1198, Lot 108) ("the residence") from ABLAB CORP.; which deed was recorded on December 14, 1967 in Liber 253 at Page 402 in the Office of the City Register of the County of New York.

9. That on or about March 23, 1990, Plaintiff allegedly signed a Bargain and Sale Deed (the "deed," or "deed of conveyance") for her residence, which deed allegedly reserves a life estate to Plaintiff with the remainder interest to Defendant ANDREW COLLEGE.

10. That upon information and belief, no consideration was received by Plaintiff from Defendant ANDREW COLLEGE in exchange for the remainder interest Defendant ANDREW COLLEGE allegedly received in the deed.

11. That the deed states that the transfer of the remainder interest in Plaintiff's residence to Defendant ANDREW COLLEGE was made "for the affection and esteem she holds for Andrew College."

12. That the deed also states that "It is the intention of the first party [Plaintiff] to retain a life estate in and to the above described property and to occupy the same during her lifetime, with the entire fee estate vesting in the second party upon the death of the first party."

13. The quoted language in the allegation set forth in paragraph of this complaint marked and numbered "12" constitutes a testamentary devise and the transfer of the remainder interest in Plaintiff's residence to Defendant ANDREW COLLEGE was not executed with the testamentary formalities required by the State of New York; that as a result, the deed of conveyance fails to pass a fee interest to Defendant ANDREW COLLEGE and is therefore invalid.

2

14. That as a result of the foregoing, this Court should vacate and set aside the deed of conveyance, which alleged transferred the residence from Plaintiff to Defendant, recorded on March 11, 1992 in Liber 253 at Page 12 in the Office of The City Register of the County of New York.

## AS AND FOR A SECOND CAUSE OF ACTION SEEKING A DECLARATORY JUDGEMENT ON THE VALIDITY OF THE DEED OF CONVEYANCE

15. That Plaintiff repeats and realleges each and every allegation set forth in paragraphs of this complaint marked and numbered "1" through "14" with the same force and effect as though the same were set forth here at length.

16. That based circumstances of this case, this Court should issue a declaratory judgment by this Court to determine the invalidity of the deed of conveyance and any related executed documentation and/or agreements.

## AS AND FOR A THIRD CAUSE OF ACTION IN FAVOR OF PLAINTIFF LIDDIE MAE MURPHY

17. Plaintiff repeats and realleges each and every allegation set forth in paragraphs of this complaint marked and numbered "1" through "16" with the same force and effect as if fully herein.

18. That on or about March 23, 1990, Plaintiff and Defendant ANDREW COLLEGE allegedly signed and executed a Remainder Interest Charitable Contribution Agreement (the "Agreement") which stipulates the agreements and understandings with respect to the ownership of Plaintiff's and Defendant ANDREW COLLEGE's respective interests in the residence.

19. That no consideration was offered to or received by Plaintiff from Defendant ANDREW COLLEGE in exchange for the alleged rights granted to Defendant in the Agreement.

20. That since the deed of conveyance is invalid, Plaintiff has not transferred any interest

3

in the residence to Defendant ANDREW COLLEGE and therefore the Agreement is invalid.

21. That as a result of the foregoing, this Court should revoke and rescind the Agreement and restore the Plaintiff to her position prior to the conveyance.

## AS AND FOR A FOURTH CAUSE OF ACTION
## IN FAVOR OF PLAINTIFF LIDDIE MAE MURPHY

22. Plaintiff repeats and realleges each and every allegation set forth in paragraphs of this complaint marked and numbered "1" through "21" with the same force and effect as though the same were set forth here at length.

23. That on or about March 23, 1990, the day Plaintiff signed both the deed of conveyance and the Agreement, Plaintiff had no intention to convey an irrevocable inter vivos gift to Defendant ANDREW COLLEGE.

24. That on or about March 23, 1990, Plaintiff believed that the deed of conveyance was revocable; that Plaintiff would not have signed the deed of conveyance had she understood at the time that the deed was irrevocable; that Plaintiff would likewise not have signed the Agreement had she understood at that time that the deed was irrevocable and that the Agreement could not be terminated by her at any time

25. That Plaintiff was improperly and inadequately counseled and had no requisite donative intent to relinquish full control of her residence, which comprised the bulk of her assets, to the Defendant.

26. That the totality of circumstances of this case are rife with fraud, undue influence, overreaching, inadequate counsel, and conflict of interests perpetrated by the Defendant, their agents, servants and employees, and which are all part and parcel of an ongoing conspiracy to defalcate Plaintiff's residence and major asset from her; that as a result of several

4

years of knowing the Plaintiff, Defendant took advantage of Plaintiff's advanced age, lack of business savvy, vulnerability, loneliness and the "affection and esteem" Plaintiff had towards Defendant to fraudulently induce Plaintiff into transferring her residence and major asset over to Defendant.

27. That Defendant ANDREW COLLEGE acted in bad faith and its conduct shocks the conscience because they knew or should have known that Plaintiff did not fully understand the terms of the deed of conveyance, nor the terms of the Agreement, nor the circumstances surrounding the transfer when she allegedly signed the deed and the Agreement.

28. That if the deed of conveyance between the parties is not vacated and set aside, the Defendant will become unjustly enriched; that the continued course of conduct of the defendant is unconscionable and in the interests of justice, equity and fairness, the deed must be vacated and set aside and the Agreement declared null and void.

29. That Plaintiff has no adequate remedy at law.

## AS AND FOR A FIFTH CAUSE OF ACTION
## IN FAVOR OF PLAINTIFF LIDDE MAE MURPHY

30. That Plaintiff repeats and realleges each and every allegation set forth in paragraphs of this complaint marked and numbered "1" through "29" with the same force and effect as though the same were set forth here at length.

31. That as a result of several years of knowing the Defendant, there developed between the parties a calculated friendship that resulted in trust and reliance; that Defendant knew that Plaintiff would rely in Defendant's recommendations to her concerning the transfer of her residence; Defendant took advantage of Plaintiff's age and loneliness and exercised undue influence in inducing Plaintiff into transferring deed to her residence over to Defendant.

5

32. That if the deed of conveyance between the parties is not vacated and set aside, the defendants will become unjustly enriched; that the conduct of the Defendant is unconscionable and in the interest of justice, equity and fairness, the deed should be vacated and set aside and the Agreement declared null and void.

## AS AND FOR A SIXTH CAUSE OF ACTION TO IMPOSE A CONSTRUCTIVE TRUST UPON PLAINTIFF'S RESIDENCE

33. That Plaintiff repeats and realleges each and every allegation set forth in paragraphs of this complaint marked and numbered "1" through "32" with the same force and effect as though the same were set forth here at length.

34. That Defendant obtained the residence from Plaintiff by fraud; that Defendant ANDREW COLLEGE made oral representations to Plaintiff assuring her that the deed was revocable; that Plaintiff reasonably relied on the oral representations made by Defendant when she signed the deed of conveyance; that if Defendant is allowed to keep the deed to her residence, Defendant will be unjustly enriched.

35. That as a result of the foregoing, this Court should impose a constructive trust on Plaintiff's residence in favor of the Plaintiff.

## AS AND FOR A SEVENTH CAUSE OF ACTION

36. That Plaintiff repeats and realleges each and every allegation set forth in paragraphs of this complaint marked and numbered "1" through "35" with the same force and effect as though the same were set forth here at length.

37. That based on the aforementioned fraudulent actions of Defendants, Plaintiffs should be awarded punitive damages in the amount of $1,000,000.00 and reasonable counsel fees to be determined by the court.

6

**WHEREFORE**, the Plaintiff demands judgment against the Defendant as follows:

(A) On the first cause of action, Plaintiff demands judgment by this Court vacating and setting aside the deed of conveyance, which allegedly transferred the residence from Liddie Mae Murphy to Defendant ANDREW COLLEGE, recorded on March 11, 1992 in Liber 253 at Page 12 in the Office of The City Register of the County of New York;

(B) On the second cause of action, Plaintiff demands this Court issue a declaratory judgment declaring the deed of conveyance to be invalid;

(C) On the third cause of action, Plaintiff demands this Court rescind the Agreement and restore the Plaintiff to her position prior to the conveyance;

(D) On the fourth cause of action, Plaintiff demands judgment by this Court to vacate a and set aside the deed of conveyance and rescind the Agreement;

(E) On the fifth cause of action, Plaintiff demands judgment by this Court to vacate a and set aside the deed of conveyance and rescind the Agreement;

(F) On the sixth cause of action, Plaintiff demands judgment by this Court to impose a constructive trust on Plaintiff's residence in favor of the Plaintiff;

(G) On the seventh cause of action, Plaintiff demands judgment against Defendant in the amount of $1,000,000.00;

(H) Reasonable counsel fees together with the costs and disbursements of this action; and

(I) For such other and further relief as may be just and proper.

Dated: New York, New York
       July 1, 2004

Yours, etc.

_____
Charles M. Mirotznik, Esq.
Attorney for Plaintiff
Post Office Address:
444 Madison Avenue, Suite 701
New York, NY 10022
1(212) 826-2787

TO:    ANDREW COLLEGE
        413 College Street
        Cuthbert, GA 39840
        1(229) 732-2171

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

LIDDIE MAE MURPHY, being duly sworn, deposes and says, that deponent is the plaintiff in the within action; that deponent has read the foregoing Summons and Verified Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

*[signature]*
LIDDIE MAE MURPHY

Sworn to before me this
1st day of July, 2004

*[signature]*
Notary Public

CHARLES M. MIROTZNIK
Notary Public, State of New York
No. 31-4986417
Qualified in New York County
Commiss... 18 2006

## ATTORNEY CERTIFICATION

I, CHARLES M. MIROTZNIK, ESQ., HEREBY CERTIFY, pursuant to 22 NYCRR 130-1.1-a, to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the within complaint and the contentions therein are not frivolous, as the term is defined in Part 130.

Dated: July 1st, 2004

_____
CHARLES M. MIROTZNIK

| Index Number | Year 2004 |
|---|---|

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————X

LIDDIE MAE MURPHY,

                  Plaintiff,

   -against-

ANDREW COLLEGE,

                  Defendant.
————————————————X

*04110575*

## SUMMONS AND VERIFIED COMPLAINT

CHARLES M. MIROTZNIK, ESQ.
Attorney for Plaintiff
444 Madison Avenue, Suite 701
New York, New York 10022
(212) 826-2787

FILED
JUL 20 2004
NEW YORK COUNTY CLERK'S OFFICE

TO:
    Attorney for Defendant

Attorney(s) for Defendant(s)

Service of a copy of the within        is hereby admitted.

Dated,

Attorney(s) for

Sir:-Please take notice

/_/ Notice of Entry
that the within is a (certified) true copy of a        duly entered in the office of the clerk of the within
court on       , 2004.

/_/ Notice of Settlement
that an order        of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within name court, at
on       , 2004 at    M.

Dated: July 1, 2004

sig. (22NYCRR/130-1.1a)
Yours, etc.

CHARLES M. MIROTZNIK, ESQ.
Attorney for Plaintiff
444 Madison Avenue, Suite 701
New York, New York 10022
(212) 826-2787    Telephone
(212) 826-2852    Facsimile