LAW OFFICES

*Laventhall & Zicklin*

551 FIFTH AVENUE
NEW YORK, N.Y. 10176
(212) 697-5084

DONALD I. LAVENTHALL
ROBERT ZICKLIN

FAX NO. (212) 949-8194

February 25, 1991

Miss Liddie Mae Murphy
45 West 84th Street
New York, New York 10024

Dear Liddie:

As you will recall, I had demanded from Andrew College a tax opinion concerning the tax consequences, if any, from your transfer of title to Andrew College. I have just received from the New York office of Proskauer Rose Goetz & Mendelsohn, a very distinguished law firm, a letter setting forth its opinion that, based on the facts stated, there are no adverse tax consequences with regard to your gift to Andrew College of the deed to your house.

I am enclosing herewith two (2) copies of the 3-page opinion letter from a partner of the Proskauer firm, which you should keep with your records. We have the original of the letter in your will file.

I also remind you that it would be advisable for you to come in to make a new will, which you have indicated in the past you wish to do. I will be away on a brief holiday and will be returning to the office on March 4, 1991.

Sincerely,

Donald

Donald I. Laventhall

DIL:b
Enc.

PROSKAUER ROSE GOETZ & MENDELSOHN

1585 BROADWAY

NEW YORK, N.Y. 10036

(212) 969-3000

TELEX: TRT 175719 WU 125352

ANSWERBACK: ROPUT N Y

FAX: (212) 969-2900

ROBERT J. LEVINSOHN
MEMBER OF THE FIRM
(212) 969-3810

2121 AVENUE OF THE STARS
LOS ANGELES, CALIF. 90067

2001 L STREET, N.W.
WASHINGTON, D.C. 20036

ONE BOCA PLACE, SUITE 340 WEST
2255 GLADES ROAD
BOCA RATON, FLORIDA 33431

4 ST. JAMES'S PLACE
LONDON SWIA INP

555 CALIFORNIA STREET
SAN FRANCISCO, CALIF. 94104

1373 BROAD STREET
POST OFFICE BOX 4444
CLIFTON, N.J. 07015-4444

January 11, 1991

Ms. Liddie Murphy
c/o Donald I. Laventhall, Esquire
Laventhall & Zicklin
551 Fifth Avenue
New York, New York 10176

Dear Ms. Murphy:

You have asked for our opinion as to the New York State and New York City income, estate and gift and transfer tax consequences resulting from your gift of a remainder interest in your personal residence located in New York, New York, to Andrew College, a non-profit educational institution located in Cuthbert, Georgia. We have examined the remainder interest charitable contribution agreement and first modification thereof forwarded to us by Messrs. Troutman, Sanders, Lockerman & Ashmore.

Our opinion is based upon the following assumptions:

1.  Andrew College is a non-profit educational institution described under §501(c)(3) of the Internal Revenue Code of 1986, as amended, (the "Code").

2.  You are a New York City resident.

3.  Your residence is unencumbered and represents a capital asset to you and is used entirely by you as a personal residence.

Ms. Liddie Murphy
January 11, 1991
Page 2

      4.   No agreements express, implied or otherwise are in effect between you and Andrew College requiring Andrew College to sell or otherwise dispose of its interests in the residence at any time whatsoever.

      5.   For Federal income, estate and gift tax purposes, the gift of your interest in your personal residence to Andrew College qualifies for a charitable contribution deduction pursuant to §§170(f)(3)(B)(i), 2055, and 2522 of the Code, and the grant of the remainder interest in your residence should not generate an item of alternative minimum tax preference pursuant to §57(a)(6) of the Code provided you make a valid election pursuant to §170(b)(1)(C)(iii) of the Code.

Based on the facts as set forth above and our review of the applicable law, it is our opinion that:

      1.   The contribution of the remainder interest in your personal residence to Andrew College should qualify for a charitable contribution deduction for both New York State and New York City income tax purposes.

      2.   The contribution of the remainder interest in your personal residence to Andrew College should not generate a preference item for purposes of either New York State or New York City minimum income tax, provided that you make a valid election pursuant to §170(b)(1)(C)(iii) of the Code at such time and in such manner as prescribed by applicable Treasury Regulations.  We note that, by making a valid election pursuant to §170(b)(1)(C)(iii) of the Code, the amount of charitable contribution deduction you are entitled to claim would be reduced proportionately by the amount of gain which would have been long-term capital gain if you had sold the remainder interest in your personal residence at its fair market value at the time you made the contribution.

      3.   The contribution of the remainder interest in your personal residence to Andrew College should not be subject to either New York State Real Property Transfer Gains Tax, New York State Real Property Transfer Tax, or New York City Real Property Transfer Tax.

The opinions rendered herein are based on the assumptions set forth above and the applicable law as in

Ms. Liddie Murphy
January 11, 1991
Page 3

effect on the date hereof. No opinion is expressed or is to be implied with respect to any other tax issue not addressed herein.

      Very truly yours,

      PROSKAUER ROSE GOETZ & MENDELSOHN


By _[signature]_____
   Member of the Firm